IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Norman H. Lawton, | : | |
|     Plaintiff, | : | |
|   v. | : | Case No. 2:06-cv-01037 |
| State of Florida Department of Revenue, et al, | : | MAGISTRATE JUDGE KEMP |
| | : | |
|     Defendants. | | |

REPORT AND RECOMMENDATION

On December 11, 2006, this Court received a complaint and application for leave to proceed *in forma pauperis* from Norman H. Lawton, a plaintiff proceeding *pro se.* This action is now before the Court for an initial screening pursuant to 28 U.S.C. §1915. That is, the Court is required to review Mr. Lawton's complaint prior to allowing the case to proceed in order to see if he has pleaded any claims that do not state a valid legal claim. For the following reasons, the Court recommends that the entire case be dismissed as frivolous and for failure to state any claims upon which relief can be granted.

I.

28 U.S.C. § 1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if . . . (B) the action . . . is frivolous or malicious [or] fails to state a claim on which relief can be granted . . . ." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may only be dismissed as frivolous when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include

those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist. See id. at 327-28. Such claims also include those "describing fantastic or delusional scenarios, claims with which federal judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

Like many complaints which have not been drafted by an attorney, Mr. Lawton's complaint is lengthy and is not easy to summarize. In general, however, Mr. Lawton has sued various Florida agencies for money damages alleging, *inter alia*, violations of various duties of care; loss of wages; loss of multiple driver's licenses; and indigency resulting from the garnishment of his wages for the enforcement of child support orders ordered by a Florida state court. (Compl. at pp. 2,4).

The Court will attempt to set out the important details of his various claims. Specifically, Mr. Lawton appears to claim that the Florida Department of Children and Family Services violated several Florida statutes in its dealings with him. (Id. at pp. 4-6). Mr. Lawton also alleges that the Florida Department of Revenue, the Florida Department of Children and Family Services, and the Florida Child Support Enforcement Agency were negligent and violated Florida Statute § 61.17. (Id. at 8). Additionally, Mr. Lawton appears to claim that the Florida Agency for Workforce Innovation

violated duties of care under the Florida Rules of Civil Procedure 12.943 and various Florida statues, such as F.S. §§20.50(2)(b), 61.30(2)(13), 440.02, 443.091, 443.111(4), 445.009(g)(I)(j), 443.036, 443.231, and 440.02(34). (Id. at pp. 11-19). Mr. Lawton also appears to allege that the Florida Department of Financial Services violated F.S. §§ 768.28(6)-(7), 68.083(3), 624.307, and 20.02(6). (Id. at 20). All of his claims seem to be based on his assertion that he was assessed an excessive amount of child support by the State of Florida and that his inability to pay that support caused him to lose his job, his home, and his possessions.

Preliminarily, the Court notes that the State of Florida Department of Labor and Employment Security no longer exists under Florida law. F.S. §20.171, which created the agency, was repealed in July 2002. See Laws 2002, c. 2002-194, §69 (effective July 1, 2002). Because this defendant is not a legal entity capable of being sued, the Court must dismiss all claims asserted against it.

With respect to the remaining defendants - the Florida Department of Revenue, the Florida Department of Children and Family Services, the Florida Department of Financial Services, the Florida Department of Child Support Enforcement and the Florida Agency for Workforce Innovation - the key question which determines if this suit should be allowed to proceed against those agencies, or whether such a suit is prohibited by the Eleventh Amendment, is whether a suit against these entities for money damages is really a suit against the state of Florida. The Eleventh Amendment of the United States Constitution generally prohibits suits by private citizens against a state government as well as agencies that are "arms of the state." See, e.g., In re New York, 256 U.S. 490 (1921). The Eleventh Amendment acts as a jurisdictional bar, so that when it applies, a federal court does not have jurisdiction to proceed with the case - that is, it simply lacks the power to hear the case or to grant relief. A state may choose to waive its

3

sovereign immunity by statute or by its conduct in litigation.  See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305-09 (1990); Lapides v. Bd. of Regents, 535 U.S. 613, 616 (2002).  The State of Florida, however, has not waived its immunity under the Eleventh Amendment.  F.S. §768.28(18).  Therefore, the focus must be on whether the Florida agencies named in the complaint are "arms of the state" that are immune from suit in federal court by the Eleventh Amendment.

A citizen may sue a state agency without running afoul of the Eleventh Amendment if that agency is not an "arm of the state." Ernst v. Rising, 427 F.3d 351, 355 (6th Cir. 2005) (en banc).  The Court of Appeals for the Sixth Circuit has set out a multi-factored test for deciding whether an entity is an "arm of the state," and therefore protected by the Eleventh Amendment or a "political subdivision," such as a county or municipality, which can be sued in a federal court.  Id.  Under this test, the Court must examine (1) the state's potential liability for a judgment against the entity; (2) the language by which the state statutes and state courts refer to the entity, and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the "traditional purview of state or local government."  Rising, 427 F. 3d at 359 (citing Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 44–45, 51 (1994)). The liability of the state on a judgment, however, is the "foremost factor" because it is the state treasury's "*potential* legal liability for the judgment" that "controls the inquiry."  See id. (citing Hess, 513 U.S. at 51 and Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997)).

The Department of Revenue, the Department of Financial Services, the Department of Child Support Enforcement, and the Department of Children and Family Services are all considered part

4

of the executive branch of the Florida state government. Any reorganization or expansion of those agencies must either be approved by the Executive Office of the Governor, or created through legislative enactment. See F.S. § 20.04. Moreover, the Departments of Revenue and Financial Services are considered part of the Florida state government because of the services they provide. It is likely that these agencies would be the ones most likely liable for securing and distributing any potential monetary judgments in the courts. See, e.g., F.S. § 11.40(5)(a)(discussing the responsibility of both agencies for withholding funds related to local school districts). Finally, according to Florida law, the Department of Child Support Enforcement is controlled by the Florida Department of Revenue. See, e.g., Court of State, Dept. of Revenue on Behalf of Atherley By and Through Averhoff v. Atherley, 659 So.2d 469, 469 n.1 (Fla. App. 3rd Dist. 1995).

The Agency for Workforce Innovation was created under the aegis of Department of Management Services, which indicates its status as an "arm of the state," despite its responsibility for administering both federal and state workforce funding in conjunction with a non-state agency. F.S. §§ 20.50(1), 20.04, & 445.04. The director of the Agency for Workforce Innovation is appointed by the governor, which also indicates the degree of control by the state over this agency. See F.S. § 20.50(b).

Moreover, the record of performance of all of the above agencies are reviewed by the Florida legislature. See 2006 Fla. Sess. Law Serv. Ch. 2006-146 (H.B. 1123) (West) (effective July 1, 2006). At a specified time for each agency, the legislature will decide on the fate of each agency, and whether it is to survive or cease to exist based on its record of performance. See id. Thus, the state exercises a great degree of control over each of these agencies. Most importantly, however, is that it appears that the State of Florida would be responsible for any potential judgments

5

against any of these agencies, which falls squarely within the purpose of Eleventh Amendment immunity. See id. Accordingly, the Eleventh Amendment bars suit against the Florida state agencies in federal court.

Other Courts which have considered this issue have reached the same conclusion. For example, in Royster v. Florida, No. 3:06-cv-565, 2007 WL 470608 (N.D. Fla. Feb. 6, 2007), the court held that the Eleventh Amendment barred a plaintiff from recovering money damages from the Florida Department of Revenue and Department of Child Support Enforcement. In Exum v. Unemployment Ins., Bureau of Benefit Operation, No. 05CO843, 2006 WL 1049589 (E.D. Wis. Apr. 18, 2006), the court held that the Eleventh Amendment barred a plaintiff from recovering damages from The Florida Agency for Workforce Innovation. Like those courts, this Court concludes that all of the Florida agencies named in the complaint are "arms of the state" and they simply cannot be sued in a federal court.

The Court notes that Mr. Lawton filed a motion on February 7, 2007 to add three new defendants. Mr. Lawton has expressed a desire to add the Franklin County Child Support Enforcement Agency (FCCSEA), the State of Ohio Bureau of Motor Vehicles (BMV) and the State of Florida Department of Highway Safety and Motor Vehicles (DHSMV) as defendants. (Plaintiff's Mot. to Add Def's at p. 2). Although a plaintiff does have the right to amend his or her complaint once as a matter of course before a responsive pleading is filed, see Fed.R.Civ.P. 15(a), the Court may also review any proposed amendment in order to determine if it would set forth a claim that is within the jurisdiction of the Court or upon which relief can be granted. The Court will therefore address the question of whether Mr. Lawton can make a viable claim against any of these new defendants.

Any claims asserted against the Florida Department of Highway Safety and Motor Vehicles would barred be by the Eleventh Amendment

6

because it is also an "arm of the state." Mr. Lawton cannot successfully bring suit against the Ohio BMV because the Eleventh Amendment also prohibits lawsuits in federal court against a state by its own citizens. See, e.g., Hans v. Louisiana, 134 U.S. 1 (1890); Edelman v. Jordan, 415 U.S. 651 (1974). Thus, Mr. Lawton could not properly assert any claims for money damages against these two agencies.

It is not as clear that a claim against the Franklin County Child Support Enforcement Agency would be barred by sovereign immunity. Under the Court of Appeals' multi-factored test, it may be that this agency is an arm of a "political subdivision" rather than an "arm of the state." The agency is supervised by the Ohio Department of Jobs and Family Services, a state agency. See Ohio R.C. § 3125.24 (establishing system of supervision by the Ohio Department of Job and Family Services over child support enforcement agencies). Nonetheless, it has been considered by the Ohio state courts to be an independent agency of the county, rather than of the state. Thoma v. Ohio Dept. of Job and Family Servs., 2006 WL 464082, at *1 (Ohio Ct. Cl. 2006) (stating that it considers FCCSEA to be a "county agency run by a political subdivision"); Wynn v. Ohio Dept. of Job & Family Serv., 2004 WL 119442 (Ohio Ct. Cl. 2004) (finding no civil immunity for employee of FCCSEA because not employed by the state). The Court need not reach this issue, however, because Mr. Lawton has not indicated what claim he would like to make against the FCCSEA. When Mr. Lawton moved to add these three defendants, he failed to include any of the claims which would have entitled him to relief. See Fed.R.Civ.P. 8(a).

### III.

The Court has now reviewed Mr. Lawton's complaint under the Act of Congress, 28 U.S.C. §1915, which requires such review in cases where the plaintiff asks to proceed *in forma pauperis*. For

7

the foregoing reasons, the Court concludes that it is lacks jurisdiction over all of the named or proposed defendants except one because suit against those defendants is barred by the Eleventh Amendment to the United States Constitution. As to the remaining defendant, there is no claim stated against it. Therefore, it is recommended that Mr. Lawton's application for leave to proceed *in forma pauperis* be granted and that this case be dismissed without prejudice for lack of jurisdiction and/or because any claim against the Franklin County Child Support Enforcement Agency is frivolous. It is further recommended that, should the suit be dismissed on these grounds, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to the defendants.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and

Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

    /s/ Terence P. Kemp
    United States Magistrate Judge